UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) CR No. 00-10278-NG |
| JEAN PIERRE CAGNAT, | ) 15 U.S.C. § 1 (Bid Rigging) |
| Defendant. | ) |

## INDICTMENT

The Grand Jury charges as follows:

### I.

### DESCRIPTION OF THE OFFENSE

1. JEAN PIERRE CAGNAT is hereby indicted and made a defendant on the charge stated below.

2. Beginning in or about September 1996 and continuing until in or about December 1997, the exact dates being unknown to the Grand Jury, the defendant and his co-conspirators entered into and engaged in a combination and conspiracy to suppress and eliminate competition by rigging bids and allocating contracts for the sale of stay cable materials, supplies, and services (collectively, "stay cable systems")

INDICTMENT -- Page 1



used in the construction of cable-stayed bridges in the United States. The combination and conspiracy engaged in by the defendant and his co-conspirators was an unreasonable restraint of interstate trade and commerce, in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

3. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and his co-conspirators, the substantial terms of which were:

  (a) to raise or maintain prices for stay cable systems by refraining from competitive bidding;
  (b) to rig bids on contracts for the sale of stay cable systems; and
  (c) to allocate among the defendant and his co-conspirators contracts for the sale of stay cable systems.

## II.

## MEANS AND METHODS OF THE CONSPIRACY

4. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and his co-conspirators did those things that they combined and conspired to do, including, among other things:

  (a) participating in a meeting in London, England in or about September 1996 to discuss bids on stay cable systems;
  (b) agreeing, during the 1996 London meeting, to participate in a bid rotation scheme for stay cable systems;
  (c) exchanging information, including price information, for upcoming stay cable system bids; and
  (d) submitting noncompetitive, rigged bids in accordance with the bid rotation scheme on the following cable-stayed bridges:

INDICTMENT -- Page 2

(i) Sidney Lanier, located in Georgia;

(ii) Maysville, located in Kentucky and Ohio; and

(iii) Charles River, located in Massachusetts.

## III.

## DEFENDANT AND CO-CONSPIRATORS

5. Defendant is a resident and citizen of France. During the period covered by this Indictment, defendant was the director of Freyssinet International et Cie ("Freyssinet"), acting as its chief executive officer. Freyssinet is a French company in the business of providing stay cable systems worldwide. Defendant supervised and approved bids submitted on behalf of Freyssinet for the sale of stay cable systems in the United States.

6. Various corporations and individuals, not made defendants in this Indictment, participated as co-conspirators in the offense charged and performed acts and made statements in furtherance of it.

7. Whenever in this Indictment reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## IV.

## TRADE AND COMMERCE

8. Construction of cable-stayed bridges is a form of specialty construction. The deck of a cable-stayed bridge is suspended from cables attached to load-bearing towers.

9. The stay cable systems sold in accordance with the charged combination and conspiracy were used in cable-stayed bridges in various states.

INDICTMENT -- Page 3

1  10. During the period covered by this Indictment, there was a substantial, continuous, and uninterrupted flow of interstate trade and commerce of essential supplies, materials, and services used by the defendant and his co-conspirators in providing stay cable systems for the construction of cable-stayed bridges in the United States.

11. All of the stay cable systems that are the subject of the charged combination and conspiracy are essential components of the National Highway System and were partially funded by the United States Treasury.

12. The actions of the defendant and his co-conspirators in carrying out the offense charged were within the flow of interstate commerce and had a substantial effect on interstate commerce.

V.

## JURISDICTION AND VENUE

13. The combination and conspiracy charged in this Indictment was carried out, in part, in the District of Massachusetts within the five years preceding the return

//
//
//
//
//
//
//
//
//
//
//

INDICTMENT -- Page 4

of this Indictment.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

A TRUE BILL

Dated:

_____
FOREPERSON

_____
Joel I. Klein
Assistant Attorney General

_____
James M. Griffin
Deputy Assistant Attorney General

_____
Scott D. Hammond
Director of Criminal Enforcement
United States Department of Justice
Antitrust Division

_____
Donald K. Stern
United States Attorney
District of Massachusetts

_____
Christopher S Crook
Chief

_____
Jeane Hamilton
Barbara J. Nelson
Lisa V. Tenorio

Trial Attorneys
United States Department of Justice
Antitrust Division
Box 36046, Room 10-0101
San Francisco, CA 94102
(415) 436-6660

District of Massachusetts

Returned into the District Court
by the Grand Jurors and filed, on
8/3/00 (August 3, 2000)
12:05 p.m.

_____
Deputy Clerk

INDICTMENT -- Page 5